## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRYANT LEE                              :
1462 N. 58th Street          :
Philadelphia, PA 19131                  :        CIVIL ACTION
                                        :
            Plaintiff,                  :        No. _____
                                        :
    v.                                  :
                                        :
PENNSYLVANIA TURNPIKE                   :        **JURY TRIAL DEMANDED**
COMMISSION                              :
PO Box 67676                            :
Harrisburg, PA 17106-7676               :
                                        :
            Defendant.                  :

### CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      This action has been initiated by Bryant Lee (hereinafter referred to as "Plaintiff," unless indicated otherwise) against the Pennsylvania Turnpike Commission (hereinafter referred to as "Defendant" unless indicated otherwise) for violations of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. §§ 951 *et. seq.*). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's

state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

**PARTIES**

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant is an entity created by the laws of Pennsylvania to construct, finance, operate, and maintain the Pennsylvania Turnpike.

8.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9.      Defendant has and continues to employ over 50 employees per calendar year for at least the last 5 years, and Defendant engages in a variety of business relationships generating revenue by producing and distributing machine components.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was hired by Defendant on or about May 22, 2008 as a Supplemental Toll Collector.

12.     Plaintiff suffered a work-related back injury in or about 2010.

13.     Plaintiff has suffered complications from his injury including but not limited to degenerative disc disease which has and continues to severely limit his enjoyment of many life activities, including but not limited to - at times - working, performing manual tasks, sitting or standing for long periods of time, and other activities.

14.     On or about June 26, 2011, Plaintiff was directed to work an 8-hour overtime shift.

15.     Plaintiff informed Defendant's management that his back condition caused him to be unable to work overtime shifts and requested permission to go home at the end of his scheduled shift (a reasonable accommodation), but Plaintiff's request was denied.

16.     Approximately four hours into the aforementioned forced 8-hour overtime shift, Plaintiff began to suffer from severe back pain and went home from work.

17.     Defendant terminated Plaintiff's employment for over one month, until he was reinstated on or about August 1, 2011 through his union appeal process and placed him on a one-year probationary period.

18.     On or about November 29, 2011, Plaintiff submitted documentation from his physician verifying that his back-related disabilities would cause him to need intermittent days off of work.

3

19.     Plaintiff was granted intermittent FMLA qualifying leave from Defendant soon after submitting the aforementioned medical paperwork.

20.     On or about March 23, 2012, Defendant sent a recertification to Plaintiff's physician, stating that Plaintiff had been taking more days off than his medical certification seemed to authorize.

21.     Plaintiff's physician promptly updated the medical paperwork to reflect that Plaintiff's flare ups and chronic health problems were unpredictable and could require him to use the time Plaintiff was in fact taking off from work (which was and should have been FMLA qualifying).

22.     Soon after Plaintiff had provided his updated medical certifications to Defendant, Plaintiff requested two reasonable accommodations: (1) that he no longer be forced to work overtime, and (2) that he be supplied with a chair that could support his back (as Plaintiff was only normally provided with a backless stool).

23.     Plaintiff's accommodation requests were denied.

24.     On or about June 20, 2012, Plaintiff was further injured in a motor vehicle accident.

25.     Plaintiff informed Defendant's management that he had sustained injuries in the accident and submitted medical documentation indicating that he needed time off of work.

26.     Defendant's management did not inform Plaintiff of his right to block FMLA leave, as mandated to give individualized notifications of same.

27.     On or about July 23, 2012, while Plaintiff was still out of work due to his injuries from the aforementioned accident, Defendant's management terminated Plaintiff's employment.

4

28. Defendant informed Plaintiff that his employment was terminated for alleged register shortages.

29. Employees were often given the opportunity to pay back register shortages in lieu of being subjected to disciplinary action.

30. Plaintiff himself had paid shortages back in the past before he had begun to take time off due to his medical conditions, but was not offered that option in July 2013.

31. Instead, Plaintiff was terminated because Defendant was attempting to formulate any excuse to terminate Plaintiff based upon his medical issues and leave time.

## COUNT I
### Violations of the Family & Medical Leave Act ("FMLA")
#### (Interference & Retaliation)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff was employed with Defendant for over one year.

34. Plaintiff had worked over 1250 hours in the previous year.

35. Plaintiff took intermittent FMLA qualifying leave for approximately the last six months of his employment.

36. Plaintiff notified Defendant of an FMLA qualifying medical condition and took a block leave from work in or about June 2012.

37. Plaintiff was terminated approximately one month after informing Defendant's management of his FMLA qualifying injury and taking a medical leave from work.

38. Plaintiff was thus terminated during an FMLA qualifying leave, not given proper notifications, designations, or information pertaining to his FMLA rights, and not reinstated

which is a statutory right due to his exercise of his FMLA rights, which constitutes interference

and unlawful retaliation.

## COUNT II
### Violations of the Americans with Disabilities Act ("ADA", as amended)
### ([1] Discrimination; [2] Failure to Accommodate; [3] Retaliation)

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in

full.

40.     Plaintiff properly exhausted his administrative remedies before proceeding in this

Court for violations of the ADA by timely filing a Charge with the Equal Employment

Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of

receiving a notice of case closure and/or right-to-sue letter.

41.     Plaintiff was terminated by Defendant because of: (1) his known health

conditions; (2) his perceived health conditions; and/or (3) due to his record of impairment.

42.     Plaintiff was also terminated in retaliation for requesting medical

accommodations from Defendant.

43.     Plaintiff made clear his need for additional absences (intermittent and block) and

a chair with back support but was refused any interactive process from Defendant.

44.     These actions as aforesaid constitute unlawful discrimination, retaliation, and

failure to accommodate under the ADA.

## COUNT III
### Violations of the Pennsylvania Human Relations Act ("PHRA")
### (Disability Discrimination/Retaliation)

45.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in

full.

46.     Plaintiff properly exhausted his administrative remedies before proceeding in this Court for violations of the PHRA by timely filing a Charge with the Pennsylvania Human Relations Commission ("PHRC") and over one year has passed from the filing of that charge.

47.     These actions as aforesaid constitute unlawful discrimination, retaliation, and failure to accommodate under the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.     Plaintiff is to be awarded punitive or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 12, 2014

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BRYANT LEE | : | CIVIL ACTION |
| .v. | : | |
| PENNSYLVANIA TURNPIKE COMMISSION : | | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　　　　　　　　　　　　　　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　　　　　　　　　　　　　　　　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X )

| | | |
|---|---|---|
| 2/12/2014 | Ari R. Karpf | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **1462 N. 58th Street, Philadelphia, PA 19131**

Address of Defendant: **PO Box 67676, Harrisburg, PA 17106**

Place of Accident, Incident or Transaction: **Defendant's place of business**

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No☒

Does this case involve multidistrict litigation possibilities?        Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Ari R. Karpf**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **2/12/2014**          Attorney-at-Law          **ARK2484**
                                                      Attorney I.D.# **91538**

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **2/12/2014**          Attorney-at-Law          **ARK2484**
                                                      Attorney I.D.# **91538**

CIV. 609 (5/2012)

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LEE, BRYANT | PENNSYLVANIA TURNPIKE COMMISSION |

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**

County of Residence of First Listed Defendant **Dauphin**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family&Medical Leave Act"FMLA"29USC2601,Americans w/Disabilities Act"ADA"

Brief description of cause:
Violations of the FMLA, ADA and the PA Human Relations Act. (42USC12101)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE 2/12/2014

SIGNATURE OF ATTORNEY OF RECORD

---

| Print | Save As... | Export as PDF | Retrieve PDF File | Reset |
|---|---|---|---|---|